UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHEILA GREEN | CIVIL ACTION |
| VERSUS | NO. 23-6918 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION R (4) |

**ORDER AND REASONS**

Before the Court is the motion of defendant State Farm Fire and Casualty Company ("State Farm") to dismiss plaintiff Sheila Green's claims with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.[1] Plaintiff has not responded to the motion. For the following reasons, the Court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff filed this case on August 29, 2023, in the Civil District Court for the Parish of Orleans.[2] Plaintiff claimed property damage resulting from Hurricane Ida and alleged that her insurer, State Farm, had breached its insurance contract.[3] State Farm removed the action to this Court on

1 R. Doc. 18.
2 R. Doc. 1-1 at 5–12.
3 *Id.* at 5–9.

November 17, 2023, claiming diversity jurisdiction.[4] As a Hurricane Ida claim, the case proceeded under the Hurricane Ida Case Management Order ("CMO").

Plaintiff did not produce initial disclosures by the deadline provided by the CMO.[5] Further, plaintiff failed to respond to several requests by defendant for availability to schedule mediation.[6] On February 12, 2026, plaintiff's counsel indicated that he had not been in communication with plaintiff and would attempt to contact her one last time.[7] On February 26, 2026, after Magistrate Judge Michael North requested a status update from the parties, plaintiff's counsel indicated that he believed plaintiff may have died.[8] Plaintiff's counsel provided a link to an obituary he believed was for plaintiff.[9]

On February 27, 2026, the Court lifted the Hurricane Ida CMO stay so that the Court could confer with the parties as to why the case failed to progress in the CMO.[10] On April 2, 2026, at a scheduling conference, plaintiff's counsel again indicated that he believed his client was dead. On

4 R. Doc. 1.
5 R. Doc. 15.
6 *Id.*
7 R. Doc. 18-5.
8 R. Doc. 18-6 at 1–2.
9 *Id.* at 1.
10 R. Doc. 15.

August 27, 2026, State Farm filed this motion to dismiss plaintiff's claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).[11] State Farm moves for dismissal with prejudice.[12] The Court considers the motion below.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal with prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)).

Typically, one of three aggravating factors must be present for a case to be dismissed with prejudice: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused

11 R. Doc. 18.

12 *Id.*

by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Conversely, dismissal without prejudice is not an adjudication on the merits, and, thus, courts are afforded greater discretion in dismissing claims for failure to prosecute or failure to comply with any court order in this manner. *See Brooks v. Pinkerton Sec.*, 3 F.3d 439, 439 (5th Cir. 1993) (citing *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

Plaintiff has failed to file initial disclosures since the filing of this case over three years ago. Further, plaintiff has made no settlement offers to State Farm, nor has she even provided availability for mediation. Plaintiff's attorney has indicated that he believes plaintiff to be dead,[13] but there is no evidence in the record that plaintiff's attorney has followed up on this belief. Plaintiff's wholesale failure to participate in this litigation warrants dismissal of her claims.

Nevertheless, the Court is not satisfied that involuntary dismissal with prejudice is appropriate. This Court has not previously imposed "lesser sanctions" for plaintiff's delay, and there is no evidence that plaintiff's delay has caused actual prejudice to defendant, or that plaintiff has intentionally delayed. *See Bryson*, 553 F.3d at 403. The Court therefore finds that the

---

13 R. Doc. 18-6 at 1–2.

lesser sanction of dismissal without prejudice is warranted. *See id.*; *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of action for want of prosecution where litigant was given four months to respond to a court order yet failed to do so, and the court warned that failure to respond could result in dismissal); *see also Williams v. Am. Zurich Ins. Co.*, 2024 WL 1967155, at *2 (E.D. La. May 3, 2024) (granting defendant's motion for involuntary dismissal after finding clear record of delay, but denying request that such dismissal be with prejudice because lesser sanction of dismissal without prejudice was more appropriate).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART defendant's motion for involuntary dismissal. The Court GRANTS defendant's request for involuntary dismissal but DENIES the request insofar as it seeks dismissal with prejudice. Accordingly, plaintiff's claims against defendant are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 21st day of September, 2026.

Sarah Vance
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE